OPINION
Appellant, David Brody, appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to serve a definite term of incarceration of five years in the Lorain Correctional Institution.
On September 18, 1997, appellant was indicted by way of information on seven counts of burglary, felonies of the second degree, in violation of R.C. 2911.12. On September 25, 1997, appellant pleaded guilty to seven counts of burglary, and the trial court sentenced him to four years of community control with specific conditions and ordered appellant to serve the first six months in the Lake County Jail and make restitution to each victim.
On June 8, 1998, the State filed a motion to terminate community control alleging that appellant had violated a condition of his community control, which provided that he complete a treatment program at Oriana House, a Community Based Correctional Facility. On June 26, 1998, appellant waived his right to a probable cause hearing and a final hearing and pleaded guilty to the charge of violating the terms of his community control by leaving Oriana House. The trial court terminated appellant's community control and sentenced him to serve a definite term of incarceration of five years in the Lorain Correctional Institution. From this judgment, appellant assigns the following error:
 "[1.] The provision of R.C. 2929.20(B)(3), which precludes an offender sentenced to an exact prison term of five years from filing a motion for judicial release before the five years have expired, has no rational basis and therefore violates the defendant-appellant's due process rights under the United States and Ohio Constitutions."
In his assignment of error, appellant alleges that R.C.2929.20(B)(3) is unconstitutional because it violates his due process rights. He points out that it negates the judicial release provisions for offenders sentenced to an exact prison term of five years; an offender becomes eligible to file a motion for judicial release only after he has served his full sentence. Appellant contends that R.C. 2929.20(B)(3), as applied, is unduly restrictive upon the discretion of the sentencing court and inflicts a pattern of punishment that is grossly disproportionate to others similarly situtated.
R.C. 2929.20(B) provides, in part:
 Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
 Except as otherwise provided in division (B)(3) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender shall file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.
If the stated prison term is five years or more and less than ten years, the eligible offender shall file the motion after the eligible offender has served five years of the stated prison term.
 Appellant alleges that R.C. 2929.20(B)(3) violates his right to due process under both the United States and Ohio Constitutions because it does not further a legitimate state purpose or interest. Without addressing whether the law furthers a legitimate state purpose, we must conclude that R.C. 2929.20(B)(3) does not violate appellant's right to substantive due process. A law does not violate substantive due process unless it abridges a protected liberty interest. State v. Coleman (1997), 124 Ohio App.3d 78, 81, 705 N.E.2d 419. The United States Supreme Court has stated that substantive due process "protects individual liberty against `certain government actions regardless of the fairness of the procedures used to implement them.'" Collins v. Harker Heights (1992), 503 U.S. 115, 125, 112 S.Ct. 1061, quoting Daniels v. Williams (1986), 474 U.S. 327, 331, 106 S.Ct. 662 [emphasis added]. Because appellant is a convicted criminal, he has been constitutionally deprived of his liberty. Meachum v. Fano
(1976), 427 U.S. 215, 224, 965 S.Ct. 2532. Appellant has no constitutional right to be released from prison before the expiration of his sentence. Greenholtz v. Inmates of the Nebraska Penal and Correction Complex (1979), 442 U.S. 1, 7, 99 S.Ct. 2100. Substantive due process does not apply to appellant's claim that R.C. 2929.20(3)(B) is unconstitutional because he has no liberty interest left to be protected.
Although appellant asserts that R.C. 2929.20(B)(3) violates the Due Process Clause without specifically raising whether the law violates the Equal Protection Clause, we believe that R.C. 2929.20 violates the Ohio and federal constitutional guarantees of equal protection under the law. The following analysis has been set forth by the Ohio Supreme Court to determine whether a law comports with the Equal Protection Clause:
 "The standard for determining violations of equal protection is essentially the same under state and federal law. Where neither a fundamental right nor a suspect class is involved, a legislative classification passes muster if the state can show a rational basis for the unequal treatment of different groups. The Supreme Court of the United States has articulated the test thus: `A statutory discrimination will not be set aside if any state of facts reasonably may be conceived of to justify it.' The court has alternately stated that in the absence of a suspect class or fundamental right, legislative distinctions are invalid only if they bear no relation to the state's goals and no ground can be conceived to justify them. Fabrey v. McDonald Village Police Department (1994), 70 Ohio St.3d 351, 352, 639 N.E.2d 31. [Citations omitted.]
Under R.C. 2929.20, any offender sentenced to less than ten years, except for offenders sentenced to exactly five years, is eligible to apply for judicial release. R.C. 2929.20(B)(3) involves neither a fundamental right nor a suspect class; therefore, the constitutionality of the law is subject to the rational basis test.
We conclude that the unequal treatment of offenders sentenced to exactly five years is arbitrary and bears no relation to the state's goals. R.C. 2929.11(A) provides:
 "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, making restitution to the victim of the offense, the public, or both."
Appellant was sentenced to a second degree felony, and pursuant to R.C. 2929.14, the trial court had the choice of imposing a sentence of either two, three, four, five, six, seven, or eight years. Because appellant was sentenced to a five-year term as opposed to any other term, he became ineligible for judicial release. We agree with the Meigs County Court of Common Pleas, the only other court in Ohio to address the constitutionality of R.C.2929.20(B)(3):
 "A person serving a five-year sentence should be a better candidate for judicial release than a person serving an eight-year prison sentence in most, if not all, situations.
 "The legislative intent is unclear as to why an individual sentenced to five years would not be eligible for judicial release. If there is some rational, reasonable basis for the distinctions made in R.C. 2929.20, and the restrictions it places on the court, it is not apparent to this court. State v. Strausbaugh (1997), 87 Ohio Misc.2d 31, 33, 688 N.E.2d 1149.
The Strausbaugh court held that R.C. 2929.20(B)(3) violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Likewise, we conclude that R.C.2929.20(B)(3) violates appellant's right to equal protection of the law because no state of facts reasonably can be conceived to justify why five-year offenders may not file for judicial release when every other second-degree felon is eligibile. Appellant's sole assignment of error has merit.
Because R.C. 2929.20(B)(3), as it is currently written, does not provide the opportunity for appellant to apply for judicial release, we hold that appellant becomes eligible to file a motion for judicial release once he has served one hundred and eighty days of his sentence at a state correctional institution.
We hereby declare that the portion of R.C. 2929.20(B)(3), which precludes an offender sentenced to a five-year term of incarceration from filing a motion for judicial release, is unconstitutional. The judgment of the Lake County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
___________________________
JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.