The STATE of Ohio

v.

STRAUSBAUGH.

Court of Common Pleas of Ohio,
Meigs County.

No. 96 CR 047.

Decided Oct. 23, 1997.

*Christopher E. Tenoglia*, Meigs County Assistant Prosecuting Attorney, for plaintiff.

*Charles H. Knight*, for defendant.

FRED W. CROW III, Judge.

Defendant Jo Ann Strausbaugh and the victim were living together in a romantic relationship at the victim's home. The night before the incident, the defendant and the victim were arguing about an alleged affair and the defendant's moving out of the residence when the defendant threatened the victim with a firearm. The victim took the firearm from the defendant and they spent the night together.

The next morning, the defendant armed herself with a .357 caliber handgun and as the victim was attempting to leave his residence to go to the county sheriff's office, she put on gloves and shot the victim in the leg, causing serious physical injury.

When the law enforcement officers arrived, the defendant was untruthful, claiming that the shooting was self-inflicted and accidental. After investigation, the matter was submitted to the prosecuting attorney. The defendant pleaded pursuant to a plea bargain agreement.

The defendant was charged by a bill of information with felonious assault, a felony of the second degree, which carried a sentence of two, three, four, five, six, seven, or eight years and/or a $15,000 fine. There was no firearm specification in the bill of information. Therefore, the three-year mandatory firearm specification could not be imposed and the charge was probational.

Pursuant to the plea bargain agreement, the prosecuting attorney recommended that the defendant's sentence be suspended and that the defendant be placed on straight probation/community control for a period of five years. The victim concurred with the state's recommendation. The state and the victim both urged that the presumption in favor of a prison term's being imposed (R.C. 2929.13[D]) should be and was rebutted. However, to rebut the presumption, the court must find that a nonprison sanction would both (1) adequately protect and punish because factors indicating that recidivism is less likely outweigh factors indicating that recidivism is more likely, and (2) not demean the offense because factors decreasing seriousness outweigh factors increasing seriousness. The court would not make the second finding and, thus, sentenced the defendant to a five-year prison term.

Thereafter, the defendant filed a motion for judicial release after she was imprisoned in the Ohio penal system for a period of time exceeding one hundred eighty days. The Prosecuting Attorney of Meigs County, Ohio, joined in the defendant's motion for judicial release. The victim hired the defendant's attorney to urge the court to grant the defendant's motion. Further, counsel indicated that the victim and defendant had made arrangements to marry.

By entry of January 8, 1997, the defendant was sentenced to a term of five years upon a plea of guilty to felonious assault, a felony of the second degree, in violation of R.C. 2903.11. The law, as it is written, does not permit judicial release. In the instant offense because the defendant is not an "eligible offender" as provided in R.C. 2929.20, R.C. 2929.20(B)(3) provides that "[i]f the stated prison term is five years or more and less than ten years, the eligible offender shall file the motion after the eligible offender *has served five years* of the stated prison term," (emphasis added), effectively closing the prison door for any offender who is sentenced to exactly five years.

If the court had sentenced the defendant to a four-year term, then the defendant would have been eligible for judicial release after serving one hundred eighty days. If the court had sentenced the defendant to a six-year term, the defendant would have been eligible for judicial release after serving five years.

34

However, as the statute is written, any defendant sentenced to a five-year term would never be eligible for judicial release because the defendant would be released from imprisonment prior to being eligible to file for judicial release.

A person serving a five-year sentence should be a better candidate for judicial release than a person serving an eight-year sentence in most, if not all, situations.

The legislative intent is unclear as to why an individual sentenced to five years would not be eligible for judicial release. If there is some rational, reasonable basis for the distinctions made in R.C. 2929.20, and the restrictions it places upon the court, it is not apparent to this court. To the contrary, it appears to be totally arbitrary and contrary to the purposes of sentencing as contained in R.C. 2929.11, which states in part that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

After considering the seriousness and recidivism factors contained in R.C. 2929.12, this court finds that the defendant is an appropriate candidate for judicial release.

■ Upon due consideration, the court finds that R.C. 2929.20(B)(3), as it applies herein, is pernicious, arbitrary, and unduly restrictive upon the discretion of the court in determining an appropriate sentence, and violates the equal protection rights provision of the Fourteenth Amendment to the United States Constitution. The court further finds that R.C. 2929.20, as it applies herein, would inflict a pattern of punishment which is grossly disproportionate to others similarly situated.

The court therefore finds that R.C. 2929.20(B)(3), as applied herein, is unconstitutional, and therefore null and void.

Upon due consideration of the evidence and testimony adduced, the arguments of counsel, the recommendations of the Meigs County Prosecuting Attorney, and the applicable law, the court finds as follows:

1. The defendant, prior to the instant offense, led a law-abiding life, and had no prior felony convictions.

2. The crime was the result of extreme emotional and mental stress in circumstances not likely to recur per the victim's testimony.

3. The defendant is likely to respond favorably and is amenable to available community sanctions.

4.  The victim of the instant offense expressly desires that the defendant be released from further imprisonment.

5.  Recidivism is not likely.

6.  The defendant shows genuine remorse for the offense.

7.  At the time of the offense, the defendant was not on probation, parole, community control, or under release from confinement on prior offenses.

The court does therefore find that the defendant's motion for judicial release is well taken and the same should be and hereby is granted. The balance of the sentence of imprisonment previously imposed herein is suspended, and the defendant is placed on community control/probation for a period of five years upon the standard terms and the following special conditions:

1.  The defendant shall enter into and successfully complete the Meigs County Community Corrections Program. During her continuance upon community control/probation, the defendant shall pay to the clerk of court the sum of $50 per month as and for reimbursement to the County of Meigs for the reasonable costs of administration of the sanctions imposed herein.

2.  The defendant shall continue in her counseling through ACCESS, until further order of the court.

3.  The defendant shall pay the sum of $500 to the clerk of court as and for reimbursement to the County of Meigs for the costs of the investigation and prosecution in this matter.

4.  The defendant shall pay the costs of this action, as determined by the clerk of courts, and restitution, if requested.

It appearing that the warden or superintendent of the state penal institution from whence the defendant was removed did not provide the court with a written report of the defendant's conduct at said institution prior to the hearing held herein. It was therefore ORDERED that the warden or superintendent forthwith provide the court with said report.

The court subsequently received an institution summary on defendant Strausbaugh and finds that said report supports her motion for judicial release.

It is further ORDERED that the prosecuting attorney shall notify the victim of the instant offense of any further proceedings herein, and his right to seek an award of reparations from the Court of Claims. The clerk of courts is ORDERED to forward a copy of this entry to said victim, with the prosecuting attorney to provide the name and address of same to the clerk.

This is a final appealable order. The clerk, pursuant to Civ.R. 58(B) shall serve notice of the same on all parties who are not in default of entry of

appearance within three days after the journalization of this entry. The clerk is required to serve notice of the judgment pursuant to Civ.R. 5(B).

So ordered.

*Judgment accordingly.*