OPINION
Appellant Bobby E. Douglas II appeals the decision of the Court of Common Pleas, Tuscarawas County, which denied his motion for judicial release. The relevant facts leading to this appeal are as follows.
On May 21, 1998, appellant was indicted on two counts of burglary, two counts of grand theft, one count of theft, and three counts of receiving stolen property. The state thereafter amended the indictment to delete all but the two burglary counts, to which appellant pled guilty before Judge Lile on October 28, 1998. On December 15, 1998, Judge Lile conducted a sentencing hearing and sentenced appellant to two concurrent five-year terms of incarceration. On November 19, 1999, appellant filed a motion for judicial release pursuant to R.C. 2929.20. The case was by then assigned to Judge Thomakos, following the retirement of Judge Lile. By judgment entry dated December 13, 1999, the court requested information and/or authority from the adult parole authority and from counsel regarding the appropriateness of the motion for release.[1]
Judge Thomakos thereafter issued a judgment entry dated January 5, 2000, ruling in pertinent part as follows:
 The Court further FINDS that under § 2929.20(B)(3) of the Ohio Revised Code, the Defendant is not eligible for judicial release until he has served five (5) years of the stated prison term.
It is therefore ORDERED that the Motion for Judicial Release be denied.
On February 2, 2000, appellant filed a motion to reconsider the January 5, 2000 denial of judicial release. Appellant also commenced an appeal of the January 5, 2000 order, captioned as appeal number 2000 AP 020010. On April 6, 2000, Judge Cross, sitting by temporary assignment for Judge Thomakos, ordered that the judgment entry of January 5, 2000 would be "dismissed" based on the failure of appellant's counsel to receive a copy of the aforesaid December 13, 1999 judgment entry, which had provided counsel the opportunity to submit additional authority. The court further ordered that the matter would be set for hearing on April 14, 2000. By a judgment entry dated April 28, 2000, the trial court again denied the motion for judicial release, noting that the General Assembly had amended R.C. 2929.20 on March 23, 2000, and holding as follows:
 In the present case, the Defendant has been sentenced to a five year prison term for Two Counts Burglary, a violation of § 2911.12(A) of the Ohio Revised Code, felonies of the second degree.
 The Court therefore FINDS that pursuant to Ohio Revised Code § 2929.20(B)(3), the Defendant is not eligible for judicial release until he has served four years of the stated prison term.
 It is therefore ORDERED that the Motion for Judicial Release be denied.
On May 9, 2000, appellant again filed a motion for reconsideration. Before the trial court ruled thereon, appellant filed a notice of appeal with this Court on May 31, 2000, in regard to the judgment entry of April 28, 2000. The notice of appeal was untimely; however, we granted appellant's motion for delayed appeal on July 12, 2000. However, in the meantime, appellant abandoned his appeal in case 2000 AP 020010, resulting in a dismissal in that case on June 30, 2000.
Appellant herein raises the following sole Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT APPLIED THE MARCH 23, 2000 VERSION OF § 2929.20 TO DEFENDANT'S MOTION FOR JUDICIAL RELEASE FILED IN NOVEMBER 1999.
 I.
Appellant argues that the trial court committed reversible error by applying the new version of R.C. 2929.20 to his pre-amendment motion for release. We agree.
The present version of R.C. 2929.20, effective March 23, 2000, reads in pertinent part as follows:
 (B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. *** An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
* * *
 (3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.
* * *
In contrast, R.C. 2929.20(B)(3) had previously read that "[i]f the stated prison term is five years or more and less than ten years, the eligible offender shall file the motion after the eligible offender has served five years of the stated prison term."
Under R.C. 2929.20(C) a court may summarily deny a motion for judicial release without a hearing. State v. Dower (Jan. 12, 2000), Lorain App. No. 99CA007357, unreported, at 2. Thus, the decision whether or not to grant the motion is entirely within the trial court's sound discretion.State v. Anderson (Oct. 6, 2000), Ashtabula App. No. 98-A-110, unreported, at 3. In the case sub judice, appellant's motion for judicial release was technically premature under either version of the statute. However, appellant cites State v. Strausbaugh (1997), 87 Ohio Misc.2d 31, and State v. Brody (July 23, 1999), Lake App. No. 99-LW-3139, unreported, both of which found unconstitutional the five-year filing prerequisite of the former version of R.C. 2929.20(B)(3) for persons sentenced to a five-year prison term.[2] Thus, appellant contends, the "law in effect" on the date of the filing of the judicial release motion, November 19, 1999, was unconstitutional and therefore should not act as a bar to his attempt to secure release.
We find merit in appellant's position. The trial court effectively circumvented the above argument by sua sponte applying the new version of the statute. We find this application was in error. Moreover, upon review of the rationale of Brody, supra, we hold that utilization of the earlier version of R.C. 2929.20(B)(3) to procedurally deny appellant's motion for release would act as a violation of appellant's constitutional right to equal protection under the circumstances of this case. Thus, the trial court, having previously granted appellant a hearing, erred in failing to reach the merits of appellant's motion.
Appellant's First Assignment of Error is sustained. This matter is remanded to the trial court for further review of the merits of appellant's motion for judicial release.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
[1] Appellant indicates that his counsel did not receive a copy of the entry of December 13, 1999.
[2] The Brody court held that a defendant in this situation would thus become eligible to file a motion for judicial release once he has served one hundred and eighty days of his sentence. Id. at 3.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Wise, J., Gwin, P.J., concurs. Hoffman, J., dissents.