THE STATE OF OHIO, APPELLANT, *v.* PEOPLES, APPELLEE.

[Cite as *State v. Peoples,* 102 Ohio St.3d 460, 2004-Ohio-3923.]

(Nos. 2003–0464 and 2003–0595—Submitted December 16, 2003—Decided August 11, 2004.)

PFEIFER, J.

{¶ 1} On March 23, 1998, appellee, Leo H. Peoples, was sentenced to a five-year determinate prison term for second-degree felonious assault and a consecutive three-year mandatory prison term for a firearm specification. On October 10, 2001, after serving the mandatory sentence and more than 180 days of the five-year sentence, Peoples filed a motion for a reduction in sentence through judicial release pursuant to former R.C. 2929.20(B)(3). The trial court granted the motion. On appeal, the court of appeals affirmed the trial court's ruling, on the basis that former R.C. 2929.20(B)(3) as applied to offenders sentenced to five-year prison terms violates the Equal Protection Clause of the Ohio and United States Constitutions. The court of appeals determined that its decision was in conflict with that of another district and, in a separate opinion, sustained the state's motion to certify a conflict. The court of appeals certified the following question:

{¶ 2} "Whether R.C. 2929.20(B)(3) as in effect until March 23, 2000, violates principles of equal protection set forth in the Ohio and United States Constitutions."

{¶ 3} We determined that a conflict existed and also accepted a discretionary appeal.

{¶ 4} For the reasons that follow, we hold that former R.C. 2929.20(B)(3) as in effect until March 23, 2000, violates the Equal Protection Clause of Section 2, Article I of the Ohio Constitution. Because of our holding, we need not consider whether R.C. 2929.20(B)(3) violates the Equal Protection Clause of the United States Constitution.

{¶ 5} Equal protection analysis begins with the rebuttable presumption that statutes are constitutional. *Adamsky v. Buckeye Local School Dist.* (1995), 73 Ohio St.3d 360, 361, 653 N.E.2d 212, citing *State ex rel. Dickman v. Defenbacher*

(1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus; and *Schwan v. Riverside Methodist Hosp.* (1983), 6 Ohio St.3d 300, 6 OBR 361, 452 N.E.2d 1337. " 'Equal protection of the law means the protection of equal laws. It does not preclude class legislation or class action provided there is a reasonable basis for such classification. The prohibition against the denial of equal protection of the laws requires that the law shall have an equality of operation on persons according to their relation. So long as the laws are applicable to all persons under like circumstances and do not subject individuals to an arbitrary exercise of power and operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws.' " *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 288–289, 595 N.E.2d 862, quoting *Dayton v. Keys* (1969), 21 Ohio Misc. 105, 114, 50 O.O.2d 29, 252 N.E.2d 655.

{¶ 6} We need not even reach the equal protection issue if all offenders in a class are treated equally. *Conley,* 64 Ohio St.3d at 290, 595 N.E.2d 862 ("where there is no classification, there is no discrimination which would offend the Equal Protection Clauses of either the United States or Ohio Constitutions"). See *State v. Thompkins* (1996), 75 Ohio St.3d 558, 561, 664 N.E.2d 926. Under former R.C. 2929.20(B)(3), eligible offenders sentenced to a prison term of five years or more but fewer than ten years may apply for judicial release after serving five years. 1997 Sub.H.B. No. 151, 147 Ohio Laws, Part I, 469–470. This class of offenders includes offenders who have been sentenced to exactly five years. All members of the class other than those sentenced to exactly five years may apply for judicial release after serving five years. Offenders sentenced to exactly five years are unable to apply for judicial release because their prison terms expire the same day that they are first allowed to apply for judicial release. We conclude that offenders sentenced to exactly five years are treated differently from other members of the class because they are unable to apply for judicial release.

{¶ 7} The next step in equal protection analysis is to determine whether "a fundamental interest or suspect class is involved." *Conley,* 64 Ohio St.3d at 289, 595 N.E.2d 862. See *Adamsky,* 73 Ohio St.3d at 362, 653 N.E.2d 212. We conclude, and the parties do not contest, that the classification in this case does not involve a fundamental interest or a suspect class. Accordingly, "the classification will be subject to a 'rational basis' level of scrutiny." *Roseman v. Firemen & Policemen's Death Benefit Fund* (1993), 66 Ohio St.3d 443, 447, 613 N.E.2d 574. Under rational-basis scrutiny, a statute will be held constitutional "if it bears a rational relationship to a legitimate governmental interest." Id. In applying this standard, we have stated that classifications "are invalid only if they bear no relation to the state's goals and no ground can be conceived to justify them." *Thompkins,* 75 Ohio St.3d at 561, 664 N.E.2d 926. See *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351, 353, 639 N.E.2d 31.

{¶ 8} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). We conclude that denying judicial release to offenders sentenced to five years while allowing it for offenders sentenced to longer prison terms is not rationally related to public safety or to punishment. See *State v. Strausbaugh* (1997), 87 Ohio Misc.2d 31, 34, 688 N.E.2d 1149 ("A person serving a five-year sentence should be a better candidate for judicial release than a person serving an eight-year sentence in most, if not all, situations"). Further, public safety would not be undermined by allowing offenders sentenced to exactly five years to be eligible for judicial release, because the trial court has discretion to deny judicial release to an offender believed to be a threat to the public. R.C. 2929.20(H).

{¶ 9} The state also has a legitimate interest in containing the costs of criminal sentences. R.C. 2929.13(A). We fail to see how preventing offenders sentenced to exactly five years from applying for judicial release helps contain costs when it requires the state to pay the costs of incarcerating offenders for a longer period of time than if they were judicially released.

{¶ 10} The state has not provided and we cannot conceive of other grounds that provide a rational reason for disparate treatment within the classification. "If there is some rational, reasonable basis for the distinctions made in R.C. 2929.20, and the restrictions it places upon the court, it is not apparent to this court." *Strausbaugh*, 87 Ohio Misc.2d at 34, 688 N.E.2d 1149. We hold that R.C. 2929.20(B)(3) as in effect until March 23, 2000, violates the Equal Protection Clause of Section 2, Article I of the Ohio Constitution. We affirm the ruling of the court of appeals that Peoples's motion for judicial release was timely filed. The trial court did not make findings under R.C. 2929.20(H)(1) and (2); accordingly, this cause is remanded to the trial court to determine whether Peoples should be granted judicial release.

Judgment affirmed in part
and cause remanded.

MOYER, C.J., and F.E. SWEENEY, J., concur.

O'DONNELL, J., concurs separately.

RESNICK, LUNDBERG STRATTON and O'CONNOR, JJ., dissent.

---

**O'DONNELL, J., concurring**.

{¶ 11} I concur with the majority. In my view, the legislature intended former R.C. 2929.20(B)(3) to provide a classification of offenders who would be eligible for early judicial release—those sentenced to terms of incarceration of five years

or more but less than a term of ten years—all of whom could apply for early release after serving a term of five years.

{¶ 12} The focus here is on those offenders who had been sentenced to a term of exactly five years—including Peoples. The effect of this legislation, however, required him to serve the full five years of his sentence; hence, the legislature *included* prisoners like Peoples serving terms of exactly five years in the category of those eligible for early judicial release, but *excluded* them from ever applying for or receiving early judicial release because the law required them to serve the full five years of incarceration before being able to apply for early judicial release.

{¶ 13} With an amendment to this statute, effective in March 2000, 1999 Am.Sub.S.B. No. 107, 148 Ohio Laws, Part IV, 8778, the General Assembly has corrected this problem by permitting those who had been sentenced to terms of exactly five years to become eligible for early judicial release after serving *four* years of their sentence.

{¶ 14} Accordingly, for me, this is nothing more than a legislative oversight, now corrected, and in order to afford equal protection of the law to all similarly situated individuals, in accordance with recognized legislative intent, I agree that Peoples has received disparate treatment and has been denied equal protection of the law.

{¶ 15} For these reasons, I concur with the majority.

---

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 16} Although former R.C. 2929.20(B)(3) may have been inartfully drafted, I would hold that its application does not deny equal protection to offenders in appellee's situation. I would reverse the judgment of the court of appeals.

{¶ 17} Appellee was sentenced to a five-year prison term after he pled guilty to a second-degree felony and also received a three-year mandatory term for a firearm specification, to be served consecutively. Since appellee received exactly five years for the felony, he was ineligible for judicial release under former R.C. 2929.20(B)(3) because he was required to serve the full five years before he could move for such release.[1] Nevertheless, appellee filed a motion for judicial release, and the trial court granted his motion with no explanation of whether it was

---

1. The three-year mandatory term appellee served did not count toward fulfilling the five-year period he was required to serve before he could file for judicial release. R.C. 2929.20(A).

applying the former or later version of the statute, and with no explanation of why it entertained a motion that neither version of the statute allowed to be filed.

{¶ 18} The parties have agreed that the former version of the statute in effect at the time appellee was sentenced applies. Under that former statute, for certain offenders convicted of first-, second-, or third-degree felonies, the General Assembly created two groups of offenders who could apply for judicial release, differentiated by the lengths of their prison terms. One group was those offenders sentenced to less than five years, who could file for judicial release "not earlier than one hundred eighty days after the offender is delivered to a state correctional institution." Former R.C. 2929.20(B)(2), 147 Ohio Laws, Part I, 470. The other group was those offenders sentenced to "five years or more and less than ten years," who could file for judicial release after serving five years. Former R.C. 2929.20(B)(3).

{¶ 19} The court of appeals held that former R.C. 2929.20(B)(3) violates principles of equal protection as applied to offenders who are sentenced to terms of exactly five years, held that that statute therefore did not apply to render appellee's motion untimely, and so upheld appellee's eligibility for judicial release. The court focused on the fact that the statute provided that any offender sentenced to a term of five years or more, up to a term of ten years, was required to serve five years before the offender could be eligible to file for judicial release. Reasoning that the statute therefore functioned to deny judicial release to any offender sentenced to exactly five years but allowed any offender sentenced to any other term up to ten years to have a possibility of obtaining judicial release, the court found that principles of equal protection had been violated.

{¶ 20} The majority affirms that judgment, holding that the statute arbitrarily denies an offender sentenced to exactly five years any opportunity for judicial release. What the majority has done is to remove appellee from the General Assembly's grouping of those offenders sentenced to five or more years (up to ten years) and place him in the other grouping, of those offenders sentenced to less than five years.

{¶ 21} As the majority acknowledges, the alleged equal protection violation in this case must be reviewed under rational-basis scrutiny, and the legislation will be invalid only if no grounds can be found to justify it. See *State v. Thompkins* (1996), 75 Ohio St.3d 558, 561, 664 N.E.2d 926. Contrary to the majority, I would find that the General Assembly's decision to draw the statutory line where it did in the former statute is entitled to deference, and that no equal protection violation is present. I agree with the reasoning of *State v. Vincer* (Sept. 22, 1999), 9th Dist. No. 98CA007117, 1999 WL 743897, which the court of appeals found to be in conflict with its decision. In *Vincer*, the court stated that "the Ohio General Assembly has determined that any sentence of five years or greater

reflects punishment for a serious crime and is of such gravity that those offenders who are subject to R.C. 2929.20(B)(3) should serve at least five years of their sentences before they may be permitted to petition the sentencing court for judicial release. This distinction is rationally related to the state's legitimate governmental interests as stated in R.C. 2929.11(A), protecting the public and punishing the offender."

{¶ 22} The majority quotes several passages from *State v. Strausbaugh* (1997), 87 Ohio Misc.2d 31, 688 N.E.2d 1149, the first reported opinion holding the statute unconstitutional, to support its view that former R.C. 2929.20(B)(3) violates the Equal Protection Clause of the Ohio Constitution. Other courts have also relied in part upon *Strausbaugh*. However, when the facts in *Strausbaugh* are taken into account, that case is of dubious precedential value.

{¶ 23} In *Strausbaugh* all parties (the offender, the victim, and the prosecutor, who later declined to file an appeal from the trial court's decision) strongly supported the offender's motion for judicial release. Id. at 33, 688 N.E.2d 1149. It is apparent from the trial court's opinion that the judge sincerely wished to grant judicial release to the offender, who had received a sentence of exactly five years, but was frustrated by the requirement of the former statute that the offender serve the full five-year term before judicial release was available. The trial judge did not cite a single case in holding the statute unconstitutional and did not put forth any cases as sources for the equal protection standards applied in reaching that decision. Given the situation, I question how much weight courts should afford to *Strausbaugh* when considering the former statute's constitutionality.

{¶ 24} Finally, under amended R.C. 2929.20(B)(3), see Am.Sub.S.B. No. 107, 148 Ohio Laws, Part IV, 8674, 8778, effective March 23, 2000, which provides that "[i]f the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term," offenders sentenced to exactly five years now constitute an exclusive group between those sentenced to less than five years, R.C. 2929.20(B)(2), and those sentenced to greater than five years but less than ten years, R.C. 2929.20(B)(4). Consequently, an offender sentenced to exactly five years is no longer grouped with those offenders who must serve five years of the sentence before eligibility for judicial release but is able to file for such release after serving four years of his or her term.

{¶ 25} If the amended statute had applied to appellee, he would not have been eligible for judicial release until March 2005. Yet, by moving appellee to the group of offenders who received a sentence of less than five years, the majority upholds the trial court's authority to entertain a motion for judicial release after much less time was served. To the extent that the amended statute might be

viewed as a legislative correction to ameliorate the effects of a perceived oversight within the former version, the statute as amended seems, if anything, to reinforce former R.C. 2929.20(B)(3)'s line drawing. The amendment indicates that the General Assembly continues to treat those sentenced to exactly five years as having more in common with those sentenced to between five and ten years than with those offenders sentenced to less than five years.

{¶ 26} For all the reasons detailed above, I would reverse the judgment of the court of appeals, uphold former R.C. 2929.20(B)(3) as constitutional, and conclude that appellee was ineligible for judicial release.

LUNDBERG STRATTON and O'CONNOR, JJ., concur in the foregoing dissenting opinion.

---

Ron O'Brien, Franklin County Prosecuting Attorney, and Heather R. Saling, Assistant Prosecuting Attorney, for appellant.

David H. Bodiker, Ohio Public Defender, and Luis Delos Santos, Assistant State Public Defender, for appellee.