[Cite as *State v. Rizzi*, 2010-Ohio-2519.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 2-10-04

    v.

FRANK RIZZI,                          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2009-CR-89

Judgment Affirmed

Date of Decision: June 7, 2010

APPEARANCES:

    *Rob C. Wiesenmayer, II* for Appellant

    *R. Andrew Augsburger* for Appellee

Case No. 2-10-04

**SHAW, J.**

{¶1} Defendant-appellant Frank Rizzi ("Rizzi") appeals the December 22, 2009 Judgment Entry of the Auglaize County Court of Common Pleas denying his Motion for Reconsideration of Sentence.

{¶2} On August 8, 2009, at approximately 11:40 p.m., Rizzi's vehicle was stopped by a State Highway Patrol Trooper. The Trooper was responding to a call about a full-sized van matching the description of Rizzi's vehicle which was precariously traveling on Interstate 75 and unable to maintain its lane of travel.

{¶3} After conversing with Rizzi, the Trooper noticed a strong odor of alcohol coming from inside the van. Rizzi admitted to the Trooper that he had consumed alcohol earlier that evening. The Trooper subsequently administered a number of field sobriety tests and determined that Rizzi was intoxicated. Further investigation by the Trooper revealed that Rizzi's operator's license was currently under suspension for both failing to show proof of insurance and failing to comply with the requirements to properly reinstate his operator's license after a prior suspension. Additionally, Rizzi had an outstanding misdemeanor warrant for another traffic offense issued in the State of Florida.

{¶4} The Trooper placed Rizzi under arrest and transported him to the Auglaize County Correctional Center. At the facility, Rizzi refused to submit to a breath test, refused to sign the Form 2255 and was subsequently incarcerated.

{¶5}    The Grand Jury indicted Rizzi on three counts:  Count One, a charge of OVI, in violation of R.C. 4511.19(A)(1)(a)(G)(1)(e), a felony of the third degree without specification; Count Two, a charge of OVI, in violation of R.C. 4511.19.(A)(1)(a)(G)(1)(d), a felony of the fourth degree without specification; and Count Three, Driving Under Suspension, in violation of R.C. 4510.21(A), a misdemeanor of the first degree.  On August 25, 2009, Rizzi entered an initial written plea of not guilty on all three counts.  However, on October 19, 2009, Rizzi changed his plea, entering a plea of guilty on Count One, in exchange for the prosecution dismissing Counts Two and Three pursuant to a plea agreement.

{¶6}    Prior to conducting a sentencing hearing, the trial court ordered a pre-sentence investigation.  The pre-sentence report revealed that Rizzi had an extensive criminal record, spanning almost twenty years, which was relevant to the consideration of Rizzi's sentencing for the current offense.  Specifically, Rizzi had been convicted of several DUI/OVI offenses in Florida and Ohio—the last one prior to this offense being a fourth degree felony OVI which he incurred in Logan County, Ohio.  The pre-sentence report also revealed Rizzi had several additional offenses involving driving a motor vehicle while under a suspended license.  In Florida, Rizzi's multiple charges for driving while under a suspended license resulted in him being deemed a habitual offender.  This led to the State of Florida permanently revoking his operator's license in 2002.

-3-

{¶7} On December 9, 2009, Rizzi appeared for sentencing. At the conclusion of the sentencing hearing, the trial court sentenced Rizzi to five years in prison, a term within the statutory range of sentencing for a third degree felony. See R.C. 2929.14(A)(3) and R.C. 4511.19(A)(1)(a)(G)(1)(e). The court also advised Rizzi that he would be subject to a mandatory term of three years of post-release control. In addition, the court assessed Rizzi a mandatory fine of $1,350.00, plus court costs and suspended his operator's license for fifty years.

{¶8} On December 21, 2009, Rizzi filed a Motion for Reconsideration of Sentence. In support of his motion for reconsideration, Rizzi claimed that a five-year sentence denied him equal protection because under R.C. 2929.20(C)(3) he is not afforded an opportunity for early release through the filing of a judicial release motion. On December 22, 2009, the trial court denied Rizzi's Motion for Reconsideration of Sentence and this appeal followed.

{¶9} Rizzi asserts the following assignment of error on appeal.

**THE SENTENCE OF THE DEFENDANT DENIES HIM DUE PROCESS OF LAW AND EQUAL PROTECTION UNDER THE LAW AS SET FORTH IN THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS TWO AND SIXTEEN OF THE OHIO CONSTITUTION.**

{¶10} In his sole assignment of error, Rizzi maintains that the trial court's imposition of a prison sentence of exactly five years violates his constitutional rights to equal protection and due process under the law. Specifically, Rizzi

-4-

argues that the current version of R.C. 2929.20(C)(3), which governs an offender's eligibility for judicial release, effectively precludes any offender sentenced to a five-year prison term from having an opportunity to file for judicial release.

{¶11} Section 2929.20(C) of the Revised Code is the statutory provision setting forth an offender's period of eligibility to file a motion for judicial release:

> **An eligible offender may file a motion for judicial release with the sentencing court within the following applicable periods:**
>
> **(1)  If the stated prison term is less than two years, the eligible offender may file the motion not earlier than thirty days after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than thirty days after the expiration of all mandatory prison terms.**
>
> **(2)  If the stated prison term is at least two years but less than five years, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than one hundred eighty days after the expiration of all mandatory prison terms.**
>
> **(3)  If the stated prison term is five years or more but not more than ten years, the eligible offender may file the motion not earlier than five years after the eligible offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than five years after the expiration of all mandatory prison terms.**

{¶12} Rizzi maintains that R.C. 2929.20(C)(3) violates the Equal Protection Clause of the Ohio and United States constitution because members of the same class of offenders are not treated equally. Rizzi asserts that R.C. 2929.20(C)(3) creates a specific class comprised of eligible offenders sentenced to

a prison term of five years or more, but fewer than ten years, who may apply for judicial release after serving five years. Offenders who have been sentenced to exactly five years are included within this class. According to the statute, all members of this class may apply for judicial release after serving five years of their prison terms.

{¶13} However, Rizzi argues that R.C. 2929.20(C)(3) runs afoul of the equal protection clause because unlike other members of the "class," offenders sentenced to exactly five years are effectively precluded from any opportunity for early release because their prison terms expire the same day that they are first permitted to apply for judicial release.

{¶14} In sum, Rizzi argues that R.C. 2929.20(C)(3) permits offenders within that class, who have been sentenced to longer prison terms, to apply for judicial release prior to the expiration of those prison terms. However, those offenders who have been sentenced to exactly five years do not have an opportunity to apply for judicial release prior to the expiration of their prison terms. Thus, Rizzi asserts that under the current version of R.C. 2929.20(C)(3), he and offenders similarly situated must serve their entire term, effectively rendering their sentence a mandatory five-year prison term.[1]

{¶15} The Supreme Court of Ohio has previously addressed this issue in

---

[1] In his brief, Rizzi maintains that the same analysis that applies to Equal Protection also applies to his argument that R.C. 2929.20(C)(3) denies him due process of law.

*State v. Peoples*, 102 Ohio St.3d 460, 2004-Ohio-3923, 812 N.E.2d 963. Peoples, the offender, was sentenced to a prison term of exactly five years. Id. at 461. The statute governing Peoples' eligibility for judicial release was identical to the current version of R.C. 2929.20(C)(3), excerpted above.[2] Id. After serving more than 180 days of his five-year sentence, Peoples filed a motion for judicial release which was granted by the trial court. Id. The state subsequently filed an appeal and the trial court's decision to grant Peoples' motion for judicial release was upheld by both the Appellate Court and the Supreme Court of Ohio. Id. at 461, 463. The Supreme Court of Ohio ultimately held that the version of R.C. 2929.20 in effect at the time Peoples was sentenced violated his right to equal protection and was therefore unconstitutional. Id.

{¶16} Rizzi now requests this Court to declare his sentence voidable based on the reasoning in *Peoples* and to modify his sentence to permit him to apply for judicial release after he has served 180 days of his sentence.

{¶17} Before addressing whether the holding in *Peoples* is controlling in this case, we must highlight a procedural distinction between *Peoples* and the case sub judice which proves dispositive. Unlike in *Peoples*, Rizzi did not file a motion for judicial release which was subsequently ruled upon by the trial court. Here, Rizzi simply filed a motion for reconsideration of his sentence. In denying Rizzi's

---

[2] The former R.C. 2929.20 (B)(3) was the statute at issue in *Peoples* and was substantively identical to the current R.C. 2929.20(C)(3)

motion for reconsideration, the trial court never made a determination of Rizzi's eligibility for judicial release pursuant to R.C. 2929.20(C)(3).

**{¶18}** It is well established that "[t]he constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied *and who has not been injured by its alleged unconstitutional provision.*" *Palazzi v. Estate of Gardner* (1987), 32 Ohio St.3d 169, 512 N.E.2d 971, syllabus. (Emphasis Added).

**{¶19}** Therefore, before Rizzi can challenge the constitutionality of R.C. 2929.20(C)(3), he must demonstrate that he has proper standing to do so. To have sufficient standing, the litigant must show he has suffered or is threatened with a direct and concrete injury that is different from the injury suffered by the general public, that the law in question has caused the injury, and that the relief requested will redress the injury. See *State ex rel. Ohio Acad. of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469-70, 1999-Ohio-123, 715 N.E.2d 1062. When attempting to demonstrate injury, it is not enough to show a hypothetical or potential injury. *State ex rel. Consumers League of Ohio v. Ratchford* (1982), 8 Ohio App.3d 420, 424, 457 N.E.2d 878, 883. "Concrete injury in fact" must be established to have standing to mount a constitutional challenge. Id. *State v. Spikes* (1998), 129 Ohio App.3d 142, 145-146.

**{¶20}** In the instant case, Rizzi had not received a concrete injury because the trial court never made a determination on Rizzi's eligibility for judicial release, or lack thereof, pursuant to R.C. 2929.20(C)(3) when it denied his motion for reconsideration of his sentence. Therefore, until Rizzi files a motion for judicial release and the trial court denies it pursuant to R.C. 2929.20(C)(3), Rizzi has not suffered a concrete injury and lacks standing to challenge the constitutionality of the statute. See *State v. Brinkley*, 5th Dist. No. 1999CA00412 (holding that the issue of eligibility for judicial release is not ripe for appeal until appellant applies for judicial release); see also *State v. Strausbaugh* (1997), 87 Ohio Misc.2d 31, 688 N.E.2d 1149 (noting that the offender sentenced to exactly five years successfully challenged the state statute governing her eligibility for judicial release *only after* she applied for judicial release). (Emphasis Added).

**{¶21}** Accordingly, we conclude that the issue of whether R.C. 2929.20(C)(3) in its current form violates Rizzi's right to Equal Protection and Due Process of Law is premature and not ripe for our review until Rizzi applies for judicial release and the trial court rules on his eligibility for judicial release under R.C. 2929.20(C)(3).

**{¶22}** Furthermore, we note that Rizzi also requests this Court to modify his sentence in order to permit him to apply for judicial release after he has served

180 days.[3] On appeal, Rizzi does not contend that his sentence of five years is improper under the circumstances of this case. The only error raised by Rizzi is with regard to the application of the judicial release eligibility provisions to his five-year sentence. However, Rizzi provides us with no authority which would permit this Court to modify his sentence in the manner he requests. Moreover, the issue of the application of the statute governing an offender's eligibility for judicial release is not a sufficient basis for modifying the trial court's sentence, which appears to be otherwise supported by the record and properly imposed by law. See R.C. 2953.08(G)(2). Therefore, we find no error in the trial court's sentence of five-years and thus, decline Rizzi's request to modify his sentence to permit him to file for judicial release after he has served 180 days.

{¶23} Based on the foregoing, Rizzi's assignment of error is overruled and the judgment denying Rizzi's motion for reconsideration of his sentence is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J., and PRESTON, J., concur.**

**/jlr**

---

[3] Rizzi requests that his sentence be modified to a four year prison term so that he may be permitted to file for judicial release after he has served 180 days as specified in the current version of R.C. 2929.20(C)(2). Alternatively, Rizzi asks that if this Court affirms the five-year sentence, we remand his case to the trial court with instructions that Rizzi is eligible for judicial release after he has served 180 days—thereby judicially inserting into the statute a new time period which does not currently exist, within which an application for judicial release may be filed where there is a five-year sentence.