[Cite as *State v. Colquhoun*, 2017-Ohio-7929.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-433 |
| | : | |
| DUSTIN A. COLQUHOUN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of September, 2017.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Dustin A. Colquhoun, appeals from the trial court's decision to accept his plea of guilty on one count of aggravated possession of a controlled substance, a third-degree felony under R.C. 2925.11(A) and (C)(1)(b). Presenting four assignments of error, Colquhoun argues that his sentence constitutes cruel and unusual punishment for purposes of the Eighth Amendment to the federal constitution and Article I, Section 9 of the Ohio Constitution; that his sentence is contrary to the provisions of R.C. 5119.26 and R.C. Chapter 5120; and that his sentence is a violation of the Equal Protection Clause of the federal constitution and Article I, Section 2 of the Ohio Constitution. We find that Colquhoun's arguments lack merit, and we therefore affirm his conviction.

## I. Facts and Procedural History

{¶ 2} A Greene County grand jury issued an indictment against Colquhoun on August 19, 2016, charging him with possession of methamphetamine in a quantity equal to or exceeding, but less than five times, the bulk amount. On October 6, 2016, Colquhoun appeared before the trial court and pleaded guilty as charged. At his sentencing hearing on December 29, 2016, the court sentenced him to serve a term of imprisonment of 36 months, the maximum available penalty under R.C. 2929.14(A)(3)(b).[1]

{¶ 3} Appellant filed his notice of appeal on February 8, 2017, along with a motion for appointment of counsel, a motion for preparation of a transcript at the State's expense,

---

[1] The sentence includes an optional term of post release control lasting up to three years.

and a motion for leave to file a delayed appeal.   We sustained Appellant's motions in decisions entered on March 15, 2017 and March 23, 2017.

## II. Analysis

{¶ 4} For his first assignment of error, Colquhoun contends that:

THE TRIAL COURT SENTENCE TO 36 MONTHS IN PRISON WAS CONTRARY TO LAW IN VIOLATION OF THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE 8TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 9 OF THE OHIO CONSTITUTION.

{¶ 5} Colquhoun posits that "a careful review of his prior criminal history * * * links [virtually] all [of] his convictions to the abuse of alcohol or drugs."   Appellant's Br. 12.   Suggesting "that he may be statutorily ineligible to obtain any adequate and appropriate treatment for his * * * addictions [while] in prison" because of his record of recidivism, he appears to argue that his incarceration in the absence of treatment constitutes cruel and unusual punishment.   *See id.* at 6-10 and 12-13.   In its response, the State argues that Colquhoun's sentence does not violate the Eighth Amendment as a matter of law because the term of imprisonment imposed by the trial court falls within the range specified in R.C. 2929.14(A)(3)(b).[2]   Appellee's Br. 2-3.

{¶ 6} Eighth Amendment "violations are rare, and instances of cruel and unusual punishment are limited to those [sanctions that], under the circumstances, would be considered shocking to any reasonable person."   *State v. Harding*, 2d Dist. Montgomery

---

[2] R.C. 2929.14(A)(3)(b) states that "[f]or a felony of the third degree that is not an offense [to which R.C. 2929.14(A)(3)(a)] applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

No. 20801, 2006-Ohio-481, ¶ 77, citing *State v. Weitbrecht*, 86 Ohio St.3d 368, 370, 715 N.E.2d 167 (1999).   To violate the Eighth Amendment, a "punishment must be so greatly disproportionate to [an] offense that it shocks the [community's] sense of justice."  *Id.,* citing *Weitbrecht*, 86 Ohio St.3d at 370.

{¶ 7} Because "we are bound to give substantial deference to the General Assembly, which has established a specific range of punishment for every offense," a sentence "that falls within the terms of a valid statute [generally] cannot amount to * * * cruel and unusual punishment."   *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 24; *State v. Mayberry*, 2014-Ohio-4706, 22 N.E.3d 222, ¶ 38 (2d Dist.), citing *Hairston*, 2008-Ohio-2338, ¶ 21.   This general rule applies equally to sentences imposed on "persons with extensive health problems" inasmuch as the "legislature did not see fit to provide for lesser sentences" for such persons.   *See State v. O'Shannon*, 44 Ohio App.3d 197, 198, 542 N.E.2d 693 (10th Dist. 1988).

{¶ 8} As the State observes, the thirty-six month term of imprisonment to which the trial court sentenced Colquhoun is within the range set by R.C. 2929.14(A)(3)(b), meaning that the sentence presumptively cannot amount to cruel and unusual punishment in violation of the Eighth Amendment.   The record before us, moreover, suggests no reason for abandoning the general rule in this case.   Consequently, Colquhoun's first assignment of error is overruled.

{¶ 9} For his second assignment of error, Colquhoun argues that:

> THE TRIAL COURT SENTENCE TO 36 MONTHS IN PRISON WAS
> CONTRARY TO LAW IN VIOLATION OF APPELLANT'S RIGHT(S)
> UNDER R.C. § 5119.26 AS A PERSON DETAINED FOR MEDICAL

PURPOSES TO RECEIVE ADEQUATE AND APPROPRIATE TREATMENT[.]

**{¶ 10}** Referring to the possibility that he "may be ineligible" to receive medical care for his addictions while incarcerated, Colquhoun "submits that the trial court's sentence [of] 36 months in prison, without the availability of statutorily authorized adequate and appropriate drug and alcohol addiction treatment, is [a] clear violation of Ohio law and should be vacated forthwith." Appellant's Br. 12-13. The State contends to the contrary that not only has Colquhoun failed to establish that he is ineligible for all potentially available treatment programs, but the provisions of R.C. 5119.26 do not apply to him. Appellee's Br. 3-4.

**{¶ 11}** The record of this matter is silent on the question of whether Colquhoun is eligible for one or more treatment programs, although at the end of its judgment entry, the trial court appended a request that "the warden * * * attempt to admit [Colquhoun] into the OASIS [program] or [a] similar program as soon as practical." Judgment Entry 4, Dec. 29, 2016. We gather from this request that the trial court, at least, believed that Colquhoun would be eligible for the OASIS program or a comparable offering.

**{¶ 12}** Moreover, R.C. 5119.26 states in relevant part that "a person detained for medical purposes" shall retain his right "to receive adequate and appropriate treatment." Regardless of the extent to which Colquhoun's addiction to alcohol or drugs has contributed to his criminal proclivities, his present incarceration is not "for medical purposes." The statute's use of the word "detained," as opposed to the word "imprisoned" or the word "incarcerated," further suggests that it is applicable not to a person in Colquhoun's circumstances—i.e. a person sentenced to prison for the

commission of a crime—but to a person subjected to involuntary confinement, on criminal charges or otherwise, primarily as the result of being adjudicated mentally incompetent.[3] *Compare* R.C. 5119.26 *with* R.C. 2945.401(A), 5119.01(A)(17)(a)(i)-(ii), *and* 5119.33.

{¶ 13} We find that the provisions of R.C. 5119.26 are inapplicable in this case. Therefore, Colquhoun's second assignment of error is overruled.

{¶ 14} For his third assignment of error, Colquhoun contends that:

> THE TRIAL COURT SENTENCE TO 36 MONTHS IN PRISON WAS CONTRARY TO LAW IN THAT THE PROVISIONS OF R.C. CHAPTER 5120 MAY RENDER APPELLANT STATUTORILY INELIGIBLE TO RECEIVE NECESSARY MEDICAL DRUG TREATMENT WHILE INCARCERATED IN THE OHIO PRISON SYSTEM.

{¶ 15} Colquhoun presents no argument expressly connected to this contention, and it appears to be a restatement of the premise of his second assignment of error. *See* Appellant's Br. 12-13. As we determined when we considered the previous assignment, Colquhoun has not shown that he is, in fact, ineligible for OASIS or a similar program of addiction treatment, and the trial court's judgment entry suggests that he is eligible to participate in OASIS. On the record before us, then, Colquhoun's third assignment of error is overruled.

{¶ 16} For his fourth assignment of error, Colquhoun argues that:

> THE TRIAL COURT SENTENCE TO 36 MONTHS IN PRISON WAS CONTRARY TO LAW IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF SECTION 2, ARTICLE 1 OF THE OHIO CONSTITUTION

---

[3] R.C. Chapter 5119 is captioned "Department of Mental Health and Addiction Services."

AND THE UNITED STATES CONSTITUTION IN THAT THE MEDICAL DRUG TREATMENT PRACTICALLY AVAILABLE IN THE OHIO PRISON SYSTEM BEARS NO RATIONAL RELATIONSHIP TO THE LEGITIMATE GOVERNMENT OBJECTIVE OF ADDRESSING RECIDIVISM FATHERED BY AN ESCALATING OPIOID EPIDEMIC.

**{¶ 17}** Colquhoun provides no argument expressly elaborating on this argument, though he notes that in another case—Montgomery County Court of Common Pleas Case No. 2015 CR 03916—he was approved for entry into the STOP program, and on this basis, opines that his sentence in the instant matter "constitute[s] an unnecessary burden upon state resources." Appellant's Br. 13. Implicitly, Colquhoun argues that the cost of his incarceration for 36 months could be avoided or at least reduced were he allowed to enter the STOP program instead. He adds, similarly, that his placement in an addiction treatment program instead of being imprisoned "may well [be] the best chance for society to economically achieve a workable path way [sic] to bring an end to [his] drug and alcohol crimes." *Id.*

**{¶ 18}** Equal protection "analysis begins with the rebuttable presumption that statutes are constitutional." *State v. Peoples*, 102 Ohio St.3d 460, 2004-Ohio-3923, 812 N.E.2d 963, ¶ 5, citing *Adamsky v. Buckeye Local Sch. Dist.*, 73 Ohio St.3d 360, 361, 653 N.E.2d 212 (1995). We need not, however, "even reach the equal protection issue if all offenders in a class are treated equally." *Id.* at ¶ 6, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 290, 595 N.E.2d 862 (1992). Here, Colquhoun fails to indicate whether the "medical drug treatment" program or programs to which he refers is the OASIS program, the STOP program, or the whole panoply of treatment programs available in Ohio.

Furthermore, he neither defines the "class" to which he would belong for purposes of equal protection analysis, nor alleges that he has been subjected to differential or discriminatory treatment with respect to any other person or persons. Accordingly, we hold that Colquhoun's argument on this point lacks merit, and we overrule his fourth assignment of error.

### III. Conclusion

{¶ 19} We find that Colquhoun's assignments of error are unsupported by the record and lack merit. Therefore, we affirm the trial court.

. . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Nathaniel R. Luken
Carlo C. McGinnis
Hon. Michael A. Buckwalter