MEMORANDUM OPINION
{¶ 1} This matter is before this court on the motion of appellant, Lynette Toth, to file a delayed appeal. On November 14, 2005, the Lake County Court of Common Pleas, Juvenile Division, dismissed appellant's complaint for custody. Appellant filed her notice of appeal on December 30, 2005. Thus, appellant failed to file her appeal in a timely manner.
 {¶ 2} App.R. 4(A) states that:
 {¶ 3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} App.R. 5(A) provides, in relevant part:
 {¶ 5} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 6} "(a) Criminal proceedings;
 {¶ 7} "(b) Delinquency proceedings; and
 {¶ 8} "(c) Serious youthful offender proceedings.
 {¶ 9} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 10} In the present case, appellant has not complied with the thirty-day rule set forth in App.R. 4(A) nor has she alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). On December 30, 2005, appellant filed a notice of appeal from a November 14, 2005 judgment of the Lake County Court of Common Pleas, Juvenile Division. Thus, appellant's notice of appeal was filed forty-six days after the judgment had been issued by the trial court. Appellant's notice of appeal was due on Wednesday, December 14, 2005, which was not a holiday or a weekend.
 {¶ 11} Furthermore, App.R. 5(A) has no application to the case at bar as it only applies to criminal cases, delinquency proceedings, and serious youthful offender proceedings. The instant matter involves a juvenile custody proceeding, which is a civil matter. See In re Bryant (May 9, 1991), 8th Dist Nos. 58483 and 58484, 1991 WL 76064.
 {¶ 12} The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. State ex rel. Pendellv. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60. Since appellant failed to file her notice of appeal within thirty days of the juvenile court's judgment entry as required by App.R. 4(A), and since App.R. 5(A) has no application here, this court is without jurisdiction to consider this appeal.
 {¶ 13} Accordingly, appellant's motion for leave to file a delayed appeal is hereby overruled.
 {¶ 14} Appeal dismissed.
Ford, P.J., O'Neill, J., concur.