DECISION.
{¶ 1} Defendant-appellant Michael Hedgecoth presents on appeal a single assignment of error, challenging the Hamilton County Common Pleas Court's judgment overruling his motion for judicial release. Because the judgment from which Hedgecoth appeals is not a final appealable order, we dismiss the appeal.
 {¶ 2} In 2002, Hedgecoth was sentenced to six years in prison upon convictions for inducing panic, improperly discharging a firearm, and felonious assault. He unsuccessfully moved for judicial release from his prison term in 2005 and in 2006. He appeals here from the judgment overruling his 2006 motion for judicial release.
 I. Judicial Release {¶ 3} Former R.C. 2947.061 permitted a sentencing court, upon motion, to suspend further execution of an offender's prison sentence and to place him on "shock probation" after he had served a prescribed period of time.[1] In 1996, the General Assembly repealed the shock-probation statute[2] and replaced it with R.C. 2929.20.[3] R.C. 2929.20
permits a sentencing court to "reduce the offender's stated prison term through judicial release" and to impose upon the offender a community-control sanction.[4]
 II. Jurisdiction A. Appeal of a "Final Order" — R.C. 2505.02 et seq. {¶ 4} A court of appeals has jurisdiction to review a "final order."[5] A "final order" includes (and included before 1996) "[a]n order that affects a substantial right *Page 3 
in an action that in effect determines the action and prevents a judgment" and "[a]n order that affects a substantial right made in a special proceeding."[6]
 {¶ 5} An order arising out of an action instituted upon a motion for shock probation was "[a]n order * * * made in a special proceeding" because the action was a statutory creation that was not recognized at common law or in equity. And a court's order denying shock probation finally determined the action and prevented a judgment favorable to the defendant. But a defendant had no "substantial right" to shock probation. Thus, an order denying shock probation was not a final appealable order, and an appellate court had no jurisdiction to review the order.[7]
 {¶ 6} This analysis leads us to conclude that R.C. 2505.03 confers no jurisdiction to review the order overruling Hedgecoth's motion for judicial release. The order was "made in a special proceeding," and it effectively determined the proceeding and prevented a judgment favorable to Hedgecoth. But it was not a "final order" because Hedgecoth had no "substantial right" to judicial release.
 B. Right to Appeal a Felony Sentence — R.C. 2953.08 {¶ 7} In 1996, the General Assembly also enacted R.C. 2953.08 to provide, "[i]n addition to any other right to appeal," a right to appeal a felony sentence.[8] Relevant to the issue presented here, R.C.2953.08(A)(4) permits a defendant to appeal his sentence on the ground that "[t]he sentence is contrary to law," and R.C. 2953.08(B)(2) and (B)(3) permit the state to appeal a defendant's sentence on the ground that "[t]he sentence is contrary to law" or on the ground that "[t]he sentence is a modification under section 2929.20 of the Revised Code of a sentence that was *Page 4 
imposed for a felony of the first or second degree."
 {¶ 8} In State v. Cunningham,[9] the Ohio Supreme Court held that R.C. 2953.08 afforded the state no right to appeal an order granting judicial release from a sentence imposed for a fifth-degree felony. The court concluded that R.C. 2953.08(B)(3) afforded the state no right to appeal because the subsection, by its terms, applied only to an order granting judicial release from a sentence imposed for a first-or second-degree felony. And the court rejected the state's claim that R.C.2953.08(B)(2) provided a right to appeal the sentence modification on the ground that it was contrary to law. The court noted that R.C.2953.08(B)(2) "does not refer to the modification of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a sentence imposed on a defendant on the ground that `[t]he sentence is contrary to law.' "Thus, the court concluded, R.C. 2953.08(B)(2), by its terms, did not permit the state to appeal as contrary to law the modification of the defendant's sentence under R.C. 2929.20.[10]
 {¶ 9} The supreme court's reasoning in Cunningham leads us to conclude that R.C. 2953.08 afforded Hedgecoth no right to appeal the order overruling his motion for judicial release. The statute does not provide a defendant with a right to appeal the denial of judicial release, complementary to the prosecution's right to appeal the granting of judicial release, from a sentence imposed for a first-or second-degree felony.[11] A defendant may, under R.C. 2953.08(A)(4), like the prosecution may, under R.C. 2953.08(B)(2), appeal a felony sentence on the ground *Page 5 
that "[t]he sentence is contrary to law."[12] But R.C. 2953.08(A)(4), like R.C. 2953.08(B)(2), does not refer to a modification of asentence under R.C. 2929.20; it instead authorizes an appeal from asentence on the ground that "[t]he sentence is contrary to law." Therefore, R.C. 2953.08(A)(4) does not apply to the denial of, just as R.C. 2953.08(B)(2) does not apply to the granting of, a modification of a sentence that is alleged to be "contrary to law."[13] Accordingly, R.C. 2953.08(A)(4) did not afford Hedgecoth a right to appeal as contrary to law the order overruling his motion for judicial release.
 III. We Dismiss {¶ 10} Neither R.C. 2505.02 et seq. nor R.C. 2953.08 provided Hedgecoth with a right to appeal the order overruling his motion for judicial release. Accordingly, we dismiss the appeal.
Appeal dismissed.
PAINTER, P.J., SUNDERMANN and HENDON, JJ.
[1] See 146 Ohio Laws, Part I, 116-117.
[2] Am. Sub. S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7809.
[3] State v. Perry (Sept. 1, 2000), 1st Dist. No. C-000121.
[4] See R.C. 2929.20(B) and 2929.20(I).
[5] See R.C. 2505.03(A).
[6] See R.C. 2505.02(B)(1) and 2505.02(B)(2).
[7] State v. Coffman, 91 Ohio St.3d 125, 2001-Ohio-273 and 296,742 N.E.2d 644; accord State v. Jones (1987), 40 Ohio App.3d 123, 124,532 N.E.2d 154; see, also, R.C. 2505.02(A)(1) (defining a "substantial right" to include a right that one may, by statute, enforce or protect).
[8] R.C. 2953.08(A) and 2953.08(B).
[9] 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120.
[10] Id. at ¶ 22.
[11] See R.C. 2953.08(B)(3).
[12] R.C. 2953.08(A)(4) and 2953.08(B)(2).
[13] Id. at ¶ 22. *Page 1