MEMORANDUM OPINION
{¶ 1} On June 13, 2008, appellant, Russell D. Balch, filed a motion for delayed appeal, pursuant to App. R. 5(A), and a motion for appointment of counsel. Appellant appeals from the following judgments issued by the Portage County Court of Common Pleas: a July 14, 2006 judgment of appellant's conviction and sentence; a June 14, 2007 judgment denying appellant's motion for judicial release; a July 27, 2007 judgment denying appellant's petition for post-conviction relief; an August 1, 2007 judgment denying appellant's motion to order the public defender to copy and release records; an August 14, 2007 judgment denying appellant's second motion for judicial release; a *Page 2 
January 14, 2008 judgment denying appellant's motion to withdraw his guilty plea; and a January 18, 2008 judgment denying appellant's second petition for post-conviction relief.
 {¶ 2} No brief or memorandum in opposition to the motion for delayed appeal has been filed.
 {¶ 3} App. R. 5(A) provides, in relevant part:
 {¶ 4} "After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 5} "(a) Criminal proceedings;
 {¶ 6} "(b) Delinquency proceedings; and
 {¶ 7} "(c) Serious youthful offender proceedings.
 {¶ 8} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 9} As the primary grounds for not filing a timely appeal of the foregoing judgments listed above, appellant asserts that the public defender representing him informed him that an appeal would be filed on his behalf; however, appellant indicates that he just discovered in March 2007, that no appeal was filed.
 {¶ 10} For the foregoing reasons, we find that appellant's reason does not justify the delay in appealing the judgments in question.
 {¶ 11} We first note that almost two years has passed since the July 14, 2006 judgment of conviction and sentence. There is nothing in the record during that time *Page 3 
period that shows any attempts taken by appellant to assert his appellate rights. All of the motions filed in the trial court after appellant's sentencing were filed pro se, and no appeal was ever initiated. Furthermore, the June 14, 2007 judgment and the August 14, 2007 judgment denying appellant's motions for judicial release are not final appealable orders pursuant to State v. Coffman, 91 Ohio St.3d 125,2001-Ohio-273; State v. Hedgecoth, 1st Dist. No. C-060190,2007-Ohio-4462; State v. Ingram, 10th Dist. No. 03AP-149,2003-Ohio-5380. In addition, the July 27, 2007 judgment and the January 18, 2008 judgment denying appellant's petitions for post-conviction relief cannot be appealed through a motion for delayed appeal because they are considered to be civil in nature, and App. R. 5(A) motions for delayed appeal only apply to untimely criminal appeals. As to the judgment issued by the trial court on January 14, 2008, denying appellant's motion to withdraw his guilty plea, that judgment is presently being appealed in 11th Dist. No. 2008-P-0014. Therefore, the request for a delayed appeal regarding that judgment is overruled as moot. Lastly, the reasons asserted in appellant's motion for delayed appeal do not justify the delay and untimely appeal of the trial court's August 1, 2007 judgment denying his motion to order the public defender to copy and release records.
 {¶ 12} Appellant attached a letter to his motion for delayed appeal from the Office of the Public Defender for Portage County dated March 2, 2007. The letter notified appellant that he could file a delayed appeal of his conviction and sentence on his behalf and that the appropriate appeal forms could be forwarded to him at his request. It is apparent that appellant made no effort to obtain the proper appellate forms and file his own appeal pursuant to the public defender's letter. Instead, it appears that all of his attempts for relief were made in the form of motions in the trial court. *Page 4 
 {¶ 13} Accordingly, it is ordered that appellant's motion for leave to file a delayed appeal and motion for appointment of counsel are hereby overruled.
 {¶ 14} Appeal dismissed.
MARY JANE TRAPP, J., concurs
 COLLEEN MARY OTOOLE, dissents. *Page 1