MEMORANDUM OPINION
{¶ 1} Appellant, Teri Lynn Nemeth, has moved this court for leave to maintain a delayed appeal from a final judgment in the underlying civil action. In conjunction with her motion, Ms. Nemeth has also submitted a notice of appeal, indicating that she seeks to appeal the trial court's judgment of December 29, 2008. Both her notice and motion for leave were filed on April 2, 2009; thus, the instant matter was instituted ninety-four days following the issuance of the appealed decision.
 {¶ 2} App. R. 3(A) states that an appeal as of right must be initiated through the filing of a notice of appeal. As to the timing of the submission of the notice, App. R. 4(A) *Page 2 
provides:
 {¶ 3} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} In applying App. R. 4(A) in the context of a civil appeal, this court has held that the thirty-day requirement is jurisdictional in nature and cannot be enlarged to allow a late appeal to go forward.In re Noda, 11th Dist. No. 2006-L-006, 2006-Ohio-615, at ¶ 12. Therefore, if the appealing party does not satisfy the thirty-day requirement and does not allege any lack of compliance with Civ. R. 58(B), her appeal will be subject to immediate dismissal. Id.
 {¶ 5} The sole exception to the thirty-day requirement is set forth in App. R. 5(A), which states that once the thirty-day period for filing a notice of appeal has expired, an appeal can only be maintained by leave of the appellate court. However, the wording of App. R. 5(A) expressly indicates that this procedure can only be employed when the appeal emanates from one of three classes of cases: "(a) Criminal proceedings; (b) Delinquency proceedings; and (c) Serious youthful offender proceedings." In light of the narrow language of the rule, this court has further held that the procedure for a delayed appeal has no application in an appeal from a final judgment in a civil action.McLain v. Second National Bank, 11th Dist. No. 2007-T-0027,2007-Ohio-1544; State v. Balch, 11th Dist. No. 2008-P-0050,2008-Ohio-4416.
 {¶ 6} Ms. Nemeth seeks to appeal from a judgment declaring her to be a vexatious litigator under R.C. 2323.52. Given that the "vexatious litigator" procedure does not involve the imposition of a criminal sanction, such a proceeding must be *Page 3 
viewed as civil in nature. Accordingly, Ms. Nemeth is not entitled to invoke the procedure for bringing a delayed appeal under App. R. 5(A).
 {¶ 7} As was noted above, Ms. Nemeth failed to file her notice of appeal within thirty days of the release of the appealed judgment. Moreover, in submitting her notice of appeal and motion for leave, she has not asserted that the clerk for the trial court failed to comply with the separate requirements of Civ. R. 58(B). Thus, since this appeal was not filed in accordance with the specific requirements of App. R. 4(A), this court lacks the requisite jurisdiction to review the actual merits of the appealed judgment.
 {¶ 8} Consistent with the foregoing discussion, Ms. Nemeth's motion for leave to file a delayed appeal is overruled, and this appeal is hereby dismissed for lack of jurisdiction.
COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1