[Cite as *State v. Schlosser*, 2016-Ohio-731.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

    *Plaintiff-Appellee*

v.

JOHN D. SCHLOSSER

    *Defendant-Appellant*

Appellate Case No. 26888

Trial Court Case No. 1994 CR 00389/1

(Criminal Appeal from Common Pleas Court)

**DECISION AND FINAL JUDGMENT ENTRY**
February 19, 2016

PER CURIAM:

{¶ 1} This matter is before the court on the State of Ohio's motion to dismiss the appeal. The State asserts that the order on appeal, the trial court's denial of John Schlosser's motion for judicial release, is not final and appealable. Schlosser filed a response to the motion and a motion to accept his response out of time; the State filed a

reply. We sustain Schlosser's motion to accept his response out of time. We also sustain the State's motion to dismiss for lack of a final appealable order.

{¶ 2} Schlosser appeals the trial court's October 7, 2015 "Decision and Entry Overruling Defendant's Motion for Judicial Release." Schlosser previously filed, and the trial court overruled, a motion for shock probation in 1995, and a motion for super-shock probation in 2004. Because the offense was committed prior to July 1, 1996, the trial court construed the instant motion for judicial release (made pursuant to R.C. 2929.20 and R.C. 2929.201) as a motion for shock probation (pursuant to R.C. 2947.061). *See State v. Coffman*, 91 Ohio St.3d 125, 126, 742 N.E.2d 644 (2001) ("former R.C. 2947.061 is available to those who, like appellant, committed their crimes prior to this date"). The trial court then concluded that Schlosser was ineligible for shock probation under former R.C. 2947.061, and that the court did not have jurisdiction to consider the motion due to Schlosser's two previous motions. Schlosser appealed, and the State moved to dismiss for lack of a final appealable order.

{¶ 3} It is well-settled that appellate courts have jurisdiction to review only final orders or judgments of the lower courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. An appellate court has no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). The Supreme Court of Ohio has held that "a trial court's denial of a motion for shock probation is never a final appealable order." *Coffman* at 126. This court is bound by *Coffman*. We recently held, in dismissing another appeal from an order overruling a motion for shock probation, that as a result of *Coffman*,

defendants lack the ability to challenge any facet of a trial court's decision on shock probation, regardless of whether it contains legal error, factual error, or an abuse of discretion. A trial court's decision, for example, that erroneously holds a defendant to be statutorily ineligible for shock probation, but which expresses a willingness to have allowed it, is entirely - and, in our opinion, unfairly - unreviewable. In contrast, some courts permit the State to appeal a trial court's decision granting shock probation, affording to it the due process denied to defendants. *E.g., State v. Young*, 8th Dist. Cuyahoga No. 79113, 2001 WL 1671431, *2 (Nov. 29, 2001); *State v. Moore*, 2013-Ohio-4454, 999 N.E.2d 223, ¶ 27-28 (7th Dist.).

*State v. McBroom*, 2d Dist. Montgomery No. 26578, 2015-Ohio-4719, ¶ 4. We have invited the Supreme Court of Ohio to revisit the issue. At this time, however, this court has no jurisdiction to hear appeals from the denial of a motion for shock probation pursuant to R.C. 2947.061.

{¶ 4} This court and others have also held that *Coffman* requires the dismissal of orders denying judicial release pursuant to R.C. 2929.20. *See, e.g., State v. Greene*, 2d Dist. Greene No. 02-CA-17, 2002-Ohio-2595; *State v. Williams*, 10th Dist. Franklin No. 07AP-1035, 2008-Ohio-1906. Schlosser notes that some courts have allowed appeals from the two statutes, citing *State v. Peoples*, 102 Ohio St.3d 460, 2004-Ohio-3923, 812 N.E.2d 963; *State v. Strunk*, 12th Dist. Warren No. CA2012-03-023, 2012-Ohio-5013; and *State v. Rupp*, 2013-Ohio-1847, 991 N.E.2d 732 (12th Dist.). These cases, like *Young* and *Moore* cited above, all involve appeals by the State, which are authorized by a different statute. *State v. Burgess*, 2d Dist. Greene No. 01-CA-87, 2002-Ohio-2594, fn. 2

("The legislature has authorized the state to appeal only from an order granting judicial release to an offender who has been convicted of a felony of the first or second degree. See R.C. 2953.08(B)(3)"). To the extent that Schlosser's motion was one for judicial release under R.C. 2929.20, the trial court's denial thereof is not a final appealable order.

{¶ 5} The remaining question is whether the denial of a motion pursuant to the new statute, R.C. 2929.201, is a final appealable order. That statute, entitled "Application for Shock Probation," provides, in relevant part:

> Notwithstanding the time limitation for filing a motion under former section 2947.061 of the Revised Code, an offender whose offense was committed before July 1, 1996, and who otherwise satisfies the eligibility criteria for shock probation under that section as it existed immediately prior to July 1, 1996, may apply to the offender's sentencing court for shock probation under that section on or after the effective date of this section. Not more than one motion may be filed by an offender under this section.

R.C. 2929.201 became effective on September 15, 2014.

{¶ 6} We discern no relevant difference between the new statute and its predecessor that would permit us to read into it a right of appeal that did not previously exist. *Coffman* at 127 ("In matters of probation and parole, we have steadfastly refused to recognize a right of appeal absent a clear directive from the General Assembly that an appeal may be prosecuted"). We conclude that the denial of a motion for shock probation under R.C. 2929.201, like the denial of a motion under R.C. 2947.061, is not a final appealable order. The new statute vests trial courts with the same discretion as the old; a defendant's interest in both is the same, and does not, according to the Supreme Court,

"rise to the level of a substantial right." *Coffman* at 129; R.C. 2505.02(B)(2); *but see State v. McBroom*, 2d Dist. Montgomery No. 26578, 2015-Ohio-4719, ¶ 2, quoting *State v. Brandon*, 86 Ohio App.3d 671, 675-676, 621 N.E.2d 776 (2d Dist.1993) (holding, prior to *Coffman*, that "[t]he 'substantial right' affected is the right of an offender to have the trial court exercise its discretion in ruling upon the motion for shock probation in a nonarbitrary and rational manner. In short, it is about the right of the offender to procedural due process"). The State of Ohio's motion to dismiss is therefore SUSTAINED. Montgomery App. No. 26888 is DISMISSED for lack of jurisdiction.

{¶ 7} Pursuant to Ohio App.R. 30(A), it is hereby ordered that the Clerk of the Montgomery County Court of Appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the mailing.

SO ORDERED.

_____
MARY E. DONOVAN, Presiding Judge

_____
MIKE FAIN, Judge

_____
JEFFREY M. WELBAUM, Judge

Copies to:

Terry Lewis
10 W. Second Street, Suite 1100
Dayton, Ohio  45402
Attorney for Appellant

Christina Mahy
301 W. Third Street, 5th Floor
Dayton, Ohio  45422
Attorney for Appellee

Hon. Timothy N. O'Connell
Montgomery County Common Pleas Court
41 N. Perry Street
P.O. Box 972
Dayton, Ohio  45422

CA3/KY