[Cite as *State v. Crossty*, 2016-Ohio-3265.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150513 |
| | | TRIAL NO. B-8906022 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| WILLIAM CROSSTY, III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  June 3, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William Crossty, III,* pro se.

Please note:  we have removed this case from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1} Defendant-appellant William Crossty, III, appeals from the Hamilton County Common Pleas Court's judgment overruling his motion for shock probation. We dismiss the appeal for lack of jurisdiction.

{¶2} Crossty was convicted in 1990 of murder with a firearm specification. A sentence of 15 years to life was imposed on the murder count, and a three-year term was imposed on the gun specification. Crossty did not timely appeal that conviction, and he was not successful in obtaining postconviction relief under R.C. 2953.21 et seq. Crossty unsuccessfully moved for shock probation under former R.C. 2947.061 three times in 2007, and in 2010, he unsuccessfully moved for the modification of his sentence under former R.C. 2929.51.

{¶3} In December 2014, after the enactment of R.C. 2929.201, Crossty moved for shock probation under the provisions of that statute. R.C. 2929.201 provides in relevant part that "[n]otwithstanding the time limitation for filing a motion under former section 2947.061 of the Revised Code, an offender whose offense was committed before July 1, 1996, * * * may apply to the offender's sentencing court for shock probation under that section on or after the effective date of this section."

{¶4} On April 13, 2015, the trial court overruled Crossty's motion for shock probation under R.C. 2929.201. Subsequently, this court granted Crossty leave to pursue a delayed appeal of that judgment. In his sole assignment of error, Crossty argues that the trial court erred by overruling his motion in light of the favorable evidence of his rehabilitation while in prison. The state argues that we should affirm because Crossty committed a nonprobational offense and was not eligible for shock

probation. We do not reach the merits of Crossty's claim because we determine that we lack jurisdiction over the appeal and must dismiss it.

{¶5} A court of appeals has only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Article IV, Section 3(B)(2), Ohio Constitution.

{¶6} Crossty's motion sought a modification of his sentence under R.C. 2929.201, the shock-probation statute. The motion did not challenge his conviction directly or under the provisions of R.C. 2953.21(A)(1) for postconviction relief. Therefore, the common pleas court's judgment overruling the motion is not reviewable under the jurisdiction conferred upon an appeals court by R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case, or under R.C. 2953.23(B) to review an order awarding or denying postconviction relief in a criminal case. *See State v. Crawford*, 1st Dist. Hamilton No. C-150632, 2016-Ohio-3030, ¶ 6. Moreover, R.C. 2953.08(A)(4) affords no right to appeal the *modification* of a sentence. *See State v. Hedgecoth*, 1st Dist. Hamilton No. C-060190, 2007-Ohio-4462, ¶ 9.

{¶7} The issue remains as to whether the entry overruling the motion is otherwise reviewable under this court's jurisdiction under R.C. 2505.03(A), to review, affirm, modify, or reverse a "final order, judgment or decree." Of relevance here, a "final order" includes an order that "affects a substantial right" in "an action," when that order either "in effect determines the action and prevents a judgment," R.C. 2505.02(B)(1), or is "made in a special proceeding." R.C. 2505.02(B)(2) and (A)(2).

{¶8} For purposes of determining whether an order is "final," a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute,

3

the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶9} The Ohio Supreme Court's decision in *State v. Coffman*, 91 Ohio St.3d 125, 742 N.E.2d 644 (2001), leads to the conclusion that the order is not a final appealable order. The *Coffman* court determined that an order arising out of an action instituted upon a motion brought under the former shock-probation statute, R.C. 2947.061, was an order made in a "special proceeding." *Id.* at 127. But the court held that a defendant had no "substantial right" to shock probation under the definition of "substantial right" set forth in R.C. 2505.02. *Id.* at 127-128.

{¶10} In explaining its decision, the *Coffman* court noted that former R.C. 2947.061(B) "conferred substantial discretion [to the trial court over shock probation] while simultaneously making no provision for appellate review." *Id.* at 128. Thus, the court concluded that the statute "did not create a legal right to shock probation" as contemplated by R.C. 2505.02. *Id.* at 127. Because a defendant had no "substantial right" to shock probation, an order denying shock probation was not a final appealable order and an appellate court lacked jurisdiction to review the order. *Id.* at 128.

{¶11} The new shock-probation statute, R.C. 2929.201, became effective on September 15, 2014, and its provisions apply only to those offenders who committed offenses before July 1, 1996. The statute essentially incorporates former R.C. 2947.061 and creates no legal right to shock probation. *See State v. Schlosser*, 2d Dist. Montgomery No. 26888, 2016-Ohio-731, ¶ 6; *compare State v. Thompson*, ___ Ohio St.3d ___, 2016-Ohio-2769, ___ N.E.2d ___, ¶ 9 (holding that "an order determining whether an offender receives jail-time credit affects a substantial right * * * because

4

receiving properly determined jail-time credit implicates an offender's liberty interest * * * and the right to jail-time credit is protected by at least three statutory provisions.").

{¶12} *Coffman* is dispositive of our issue in this case, as the statutory definition of a substantial right has not changed, *see* R.C. 2505.02(A)(1), nor has the discretionary nature of shock probation. We determine, therefore, that "the denial of a motion for shock probation under R.C. 2929.201, like the denial of a motion under R.C. 2947.061, is not a final appealable order." *Schlosser* at ¶ 6.

{¶13} Our conclusion is consistent with our prior determination that the statute permitting a sentencing court to "reduce the offender's stated prison term through judicial release," R.C. 2929.20, does not create a "substantial right" as contemplated by R.C. 2505.02 et seq. *See Hedgecoth*, 1st Dist. Hamilton No. C-006190, 2007-Ohio-4462, at ¶ 6. R.C. 2929.20 replaced former R.C. 2947.061 when it was repealed in 1996. *Id.* at ¶ 3.

{¶14} We hold, therefore, that we are without jurisdiction to review the common pleas court's entry overruling Crossty's motion for shock probation. Accordingly, we dismiss this appeal.

Appeal dismissed.

**DEWINE** and **MOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.