[Cite as *State v. Walkup*, 2017-Ohio-8900.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Wiliam B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise |
| | : | |
| -vs- | : | |
| | : | Case No. 17AP0006 |
| BOBBY WALKUP | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Morgan County
                                                     Court of Common Pleas, Case No. CR95-
                                                     85

JUDGMENT:                                  Dismissed

DATE OF JUDGMENT ENTRY:         December 5, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MARK HOWDYSHELL                    BOBBY WALKUP
PROSECUTING ATTORNEY            #336-029
19 EAST MAIN STREET                  BOX 57
MCCONNELSVILLE, OH 43756       MARION, OH 43301

*Gwin, P.J.*

{¶1} Appellant Bobby Walkup ["Walkup"] appeals from the May 1, 2017 Judgment Entry of the Morgan County Court of Common Pleas that denied his motion for shock probation.

*Facts and Procedural History*

{¶2} On January 11, 1996, the Morgan County Grand Jury indicted Walkup on one count of aggravated murder, in violation of R.C. 2703.01, with a firearm specification; one count of aggravated arson, in violation of R.C. 2909.02(A)(2); and one count of assault of a peace officer, in violation of R.C. 2903.11(A)(1). The aggravated murder and aggravated arson charges arose out of the shooting death of Walkup's wife, Ella Emmajean Walkup, and subsequent fire in their home on December 23, 1995. The assault charge involved Morgan County Deputy Sheriff Jerry Hallowell.

{¶3} The matter proceeded to trial on August 5, 1996. After hearing all the evidence and deliberations, the jury returned a verdict of not guilty of aggravated murder, but guilty of murder, the lesser-included offense, and the firearm specification; not guilty of aggravated arson; and guilty of assault. By Judgment Entry dated August 14, 1996, the trial court sentenced Walkup to a total term of incarceration of fifteen years to life with three years actual incarceration for the firearm specification. Walkup filed a timely notice of appeal to this Court. This Court affirmed Walkup's convictions and sentence. *See, State v. Walkup,* 5th Dist. Morgan No. CA 96 06, 1997 WL 973474(Dec. 24, 1997), [*Walkup I*].

{¶4} On March 29, 1999, Walkup filed a Petition to Vacate or Set Aside Judgment and/or Sentence pursuant to R.C. 2953.21 and 2953.23. *See, State v. Walkup,*

*5th Dist. Morgan No.* 99CA06, 2000 WL 1543(Dec. 21, 1999) [*Walkup II*].  The trial court denied Walkup's petition and this court affirmed the trial court's decision.  Id.

**{¶5}**  On November 10, 2016, Walkup filed a Motion for Shock Probation.  The trial court denied the motion by Judgment Entry filed May 1, 2017.

*Assignment of Error*

**{¶6}**  Walkup presents one assignment of error for our review,

**{¶7}**  "I. "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN THE TRIAL COURT FAILED TO DETERMINE THE DEFENDANT [SIC.] MOTION FOR SHOCK PROBATION UNDER THE STATUTORY CRITERIA UNDER OHIO LAW R.C. 2929.201 IN VIOLATION OF THE DEFENDANT [SIC.] UNTIED STATES CONSTITUTIONAL RIGHTS AMENDMENT 14 DUE PROCESS OF LAW."

*Law and Analysis*

**{¶8}**  Shock probation was available to defendants who committed their crimes prior to July 1, 1996 pursuant to R.C. 2947.061.  *State v. Darby*, 5th Dis., Richland No. 14-CA-80, 2015-Ohio-2076, *citing State v. Coffman*, 91 Ohio St.3d 125, 126 742 N.E.2d 644 (2001).  The shock probation statue, R.C. 2947.061, was repealed and the current judicial release statute, R.C. 2929.201, became effective via Senate Bill 2 on July 1, 1996.  *State v. Moore,* 7th Dist., Belmont No. 13 BE 7, 2013-Ohio-4454, 999 N.E.2d 223.  In 1995, the former shock probation statute R.C. 2947.061 stated,

> (B) Subject to sections 2951.02 to 2951.09 of the Revised Code and notwithstanding the expiration of the term of court during which the defendant was sentenced, the trial court, upon the motion of the defendant, may suspend the further execution of the defendant's sentence and place

the defendant on probation upon the terms that the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state correctional institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction.

{¶9} R.C. 2929.201 as presently enacted provides,

Notwithstanding the time limitation for filing a motion under former section 2947.061 of the Revised Code, an offender whose offense was committed *before July 1, 1996,* and who otherwise satisfies the eligibility criteria for shock probation under that section as it existed immediately prior to July 1, 1996, may apply to the offender's sentencing court for shock probation *under that section* on or after September 15, 2014. Not more than one motion may be filed by an offender under this section. Division (C) of former section 2947.061 of the Revised Code does not apply to a motion filed under this section. A presentence investigation report is not required for shock probation to be granted by reason of this section.

Emphasis added. Walkup's committed his crimes on December 23, 1995. *Walkup I* at *1. Therefore, the 1995 version of R.C. 2947.061 controls his case.

**Walkup is not eligible for shock probation.**

{¶10} In 1995, R.C. 2951.02 criteria for probation; conditions of probation; community service work; suspension of sentence; conditions; effect of use of firearm; ignition interlock devices read, in pertinent part,

(F) An offender shall not be placed on probation, and shall not otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

(1) The offense involved is aggravated murder or *murder.*

(2) The offender is a repeat offender or a dangerous offender, as defined in section 2929.01 of the Revised Code.

(3) The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender *was armed with a firearm or dangerous ordnance,* as defined in section 2923.11 of the Revised Code.

(4) The offense involved is a violation of section 2907.02 or 2907.12 of the Revised Code.

(5) The offender is not eligible for probation or shock probation pursuant to division (C) of section 2903.06 or 2903.07 of the Revised Code or is sentenced to a term of actual incarceration.

(6) The offense involved was a violation of section 2923.12 of the Revised Code, the weapon involved in the offense was a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code, and the offense involved was committed aboard an aircraft or with purpose to carry a concealed firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code, aboard an aircraft.

Emphasis added. Walkup was convicted of murder with a firearm specification. Therefore, he is statutorily ineligible for shock probation.

**The denial of a motion for shock probation is not a final, appealable order.**

{¶11} Even if a party does not raise the issue, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs. Cuyahoga Metro. Hous. Aut.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72.

{¶12} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B) (2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *General Acc. Ins. Co. vs. Insurance of North America,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266(1989); *Harris v. Conrad*, 12th Dist. No. CA-2001-12 108, 2002-Ohio-3885. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ. R. 54(B). *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999); *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 2002-Ohio-4398, 777 N.E.2d 282. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶13} A motion denying shock probation is not a final, appealable order. *State v. Coffman,* 91 Ohio St.3d 125, 126, 2001-Ohio-296, 742 N.E.2d 644 (2001). The *Coffman* court determined that an order arising out of an action instituted upon a motion brought under the former shock-probation statute, R.C. 2947.061, was an order made in a "special proceeding." Id. at 127. However, the court held that a defendant had no "substantial

right" to shock probation under the definition of "substantial right" set forth in R.C. 2505.02. Id. at 127–128.

**{¶14}** In *State v. Crossty, III,* 1st Dist. Hamilton No. C-150513, 2016-Ohio-3265, the Court of Appeals noted,

> The new shock-probation statute, R.C. 2929.201, became effective on September 15, 2014, and its provisions apply only to those offenders who committed offenses before July 1, 1996. The statute essentially incorporates former R.C. 2947.061 and creates no legal right to shock probation. *See State v. Schlosser,* 2d Dist. Montgomery No. 26888, 2016–Ohio–731, ¶ 6; *compare State v. Thompson*, —— Ohio St.3d ——, 2016–Ohio–2769, ——N.E.2d ——, ¶ 9 (holding that "an order determining whether an offender receives jail-time credit affects a substantial right * * * because receiving properly determined jail-time credit implicates an offender's liberty interest * * * and the right to jail-time credit is protected by at least three statutory provisions ."). 

> *Coffman* is dispositive of our issue in this case, as the statutory definition of a substantial right has not changed, see R.C. 2505.02(A)(1), nor has the discretionary nature of shock probation. We determine, therefore, that "the denial of a motion for shock probation under R.C. 2929.201, like the denial of a motion under R.C. 2947.061, is not a final appealable order." *Schlosser* at ¶ 6.

*Crossty, III* at 2016-Ohio-3265, ¶11; *Accord, State v. Mack,* 10th Dist. Franklin No. 16AP-680, 2017-Ohio-7417, ¶26.

*Conclusion*

{¶15} Accordingly, this Court is without jurisdiction to review the May 1, 2017 Judgment Entry of the Morgan County Court of Common Pleas overruling Walkup's motion for shock probation.

{¶16} Therefore, we dismiss this appeal.

{¶17} Appeal dismissed.

{¶18} IT IS SO ORDERED.


By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur